(79 Misc. Rep. 421.)

### AMERICAN INK CO. v. RIEGEL SACK CO.

(Supreme Court, Appellate Term, First Department.  February 14, 1913.)

1. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—ACTIONS—NONCOMPLI-
ANCE WITH STATUTORY PROVISIONS.
Under General Corporation Law (Consol. Laws 1909, c. 23) § 15, pro-
viding that no foreign stock corporation doing business in the state shall
maintain any action on any contract made in the state, unless, prior
to the making thereof, it shall have procured from the Secretary of State
a certificate authorizing it to do business as therein provided, such a
corporation which has not complied with that section may, when sued,
set up a counterclaim arising out of the contract sued on, but not one
which does not arise out of that contract.
[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543,
2544, 2546, 2563–2567; Dec. Dig. § 661.*]

2. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—ACTIONS—NONCOMPLI-
ANCE WITH STATUTORY PROVISIONS.
Under Tax Law (Consol. Laws 1909, c. 60) § 181, providing that no ac-
tion shall be maintained "or recovery had" by any foreign corporation,
subject to the license fee thereby imposed, without obtaining a receipt
for such license fee, a corporation which has not complied therewith
cannot, when sued, set up any counterclaim, whether or not it arises out
of the contract sued on.
[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543,
2544, 2546, 2563–2567; Dec. Dig. § 661.*]

Appeal from City Court of New York, Special Term.

Action by the American Ink Company against the Riegel Sack Com-
pany.  From an interlocutory judgment overruling in part defendant's
demurrer to two separate defenses set up in the reply to defendant's
counterclaims, defendant appeals.  Affirmed.

Argued February term, 1913, before SEABURY, GERARD, and
BIJUR, JJ.

King & Booth, of New York City (Frederick P. King, of New York
City, of counsel), for appellant.

Clarence J. Shearn, of New York City (Macdonald De Witt, of
New York City, of counsel), for respondent.

GERARD, J.  This action was brought to recover the sum of $1,-
369.26, alleged to be the agreed price and reasonable value of certain
inks sold and delivered by plaintiff to defendant.  The defendant's
answer includes two counterclaims, the first of which demands judg-
ment against the plaintiff for $1,174.19 because of the alleged breach
of warranty of some of the ink alleged to have been sold to defend-
ant by plaintiff.  The second counterclaim demands judgment against
the plaintiff because of the alleged breach of warranty of certain other
inks sold and delivered by plaintiff to defendant, but not included in
the goods for the price or value of which this action was brought.

Plaintiff pleaded two defenses to each of these counterclaims; the
two defenses being in each case the same, and these were, first, that
the defendant is a foreign stock corporation doing business in this
state, and had failed to obtain a certificate of authority as prescribed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the provisions of section 15 of the General Corporations Law (Consol. Laws 1909, c. 23); and, second, that the defendant has failed to comply with the provisions of section 181 of the Tax Law (Consol. Laws 1909, c. 60), providing for the payment of a license tax by a foreign corporation engaged in business in this state.

[1, 2] To these two defenses to each counterclaim the defendant demurred, and the following questions were therefore presented:

Where the counterclaim arises out of a contract upon which the action is brought, first, is failure by the corporation to comply with the provisions of section 15 of the General Corporations Law a defense; and, second, is failure by the corporation to comply with the provisions of section 181 of the Tax Law a defense, and, where the counterclaim does not arise out of the contract upon which the action is brought, is the failure of the corporation to comply with these two laws above set forth a defense?

The court below held that one of these defenses only was bad, namely, the defense which sets up that failure to comply with the provision of section 15 of the General Corporations Law providing for the certificate of authority for a foreign corporation was a defense to a counterclaim arising out of the contract upon which the action is brought.

The court, therefore, held that failure by a foreign corporation to comply with the provisions of section 181 of the Tax Law is a defense even to a counterclaim growing out of the contract on which the action is brought, and that this was also a defense to a counterclaim set up as an independent cause of action, as was also the failure of the corporation to comply with the provisions of section 15 of the General Corporations Law, providing for the obtaining of a certificate by foreign corporations doing business in this state. The language of this statute (section 15 of the General Corporations Law) is that no foreign stock corporation doing business in this state "shall maintain any action in this state on any contract made by it in this state" before obtaining a certificate of authority; while section 181 of the Tax Law is broader, in that its application is not limited to any class of actions and the prohibition is expressed in the words: "No action shall be maintained or recovery had." The court below correctly sustained defendant's demurrer to the first separate defense to the first counterclaim on the ground that section 15 of the General Corporations Law did not prevent a foreign corporation from recovering upon a counterclaim arising out of the transaction upon which the plaintiff sued on the authority of Alsing v. New England Quartz Co., 66 App. Div. 473, 73 N. Y. Supp. 347, affirmed without opinion in 174 N. Y. 536, 66 N. E. 1110, as this case expressly held that section 15 did not prevent a foreign corporation when sued from recovering on a counterclaim "arising out of the transaction that had been made the basis of plaintiff's complaint."

The language of section 181 of the Tax Law has been construed in no case in the state of New York, except in the Alsing Case above stated, where the Appellate Division said that the language used was more comprehensive than the language used in section 15 of the General Corporations Law, and where the difference in the statutes was

pointed out. It seems to me that the words "or recovery had," used in addition to the words "no action shall be maintained," makes it plain that the Legislature intended that the corporation which had not complied with section 181 of the Tax Law should be entitled to obtain no relief in the courts of this state, either as plaintiff or as defendant alleging a counterclaim, and this whether the counterclaim arose out of the contract on which plaintiff sues or not.

As to the defense which pleads the failure to comply with section 15 of the General Corporations Law as a defense to the counterclaim which did not grow out of the contract on which plaintiff sued, it has been held in Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, that, where a foreign corporation doing business in this state seeks to recover on a contract made in this state, compliance with section 15 is a fact which must be alleged in the complaint in order to state facts sufficient to constitute a cause of action, and must be proved on the trial in order to establish a cause of action in the courts of this state. In determining this question the fact must not be lost sight of that a counterclaim must contain all the elements of a cause of action. Code, § 501; Cragin v. Lovell, 88 N. Y. 258.

The interlocutory judgment appealed from should be affirmed, with $10 costs and disbursements. All concur.