PARKSIDE TERRACE APARTMENTS, INC.
*v.* LINDNER
[No. 57, September Term, 1968.]

*Decided February 5, 1969.*

272

The cause was submitted on brief to HAMMOND, C. J., and MARBURY, FINAN, SINGLEY and SMITH, JJ.

Submitted by *Thomas M. O'Malley* and *Michael F. X. Dolan* for appellant.

Submitted by *Stanley Klavan, Paul H. Mannes, D. Randolph Cole* and *Frank E. Scrivener* for appellee.

PER CURIAM:

As we see this case, a detailed review of the facts which gave rise to this controversy is not particularly rewarding. Parkside Terrace Apartments, Inc. (the Parkside Corporation), a body corporate of the District of Columbia, filed articles of dissolution with the Office of Recorder of Deeds of the District on 2 November 1965.

On 21 January 1966, the Parkside Corporation instituted suit in the Circuit Court for Prince George's County against Emma R. Lindner and Kenneth Minchew, claiming damages in the amount of $26,222.70 for breach of warranty in a real estate transaction which had taken place in the District. The action was dismissed as to Minchew, but continued as to Mrs. Lindner who, in due course, filed pleas which included a denial of Parkside Corporation's standing to bring the suit. At the conclusion of the plaintiff's case, Mrs. Lindner moved for a directed verdict on grounds which included Parkside Corporation's lack of standing. It was from the granting of this motion that the present appeal was taken.

The lower court predicated its ruling on the motion for directed verdict upon a finding that there was no fraud and that the action was barred by limitations. We agree with the result reached by the lower court, but for a reason which we regard as more compelling, making unnecessary a consideration of the points raised by Parkside Corporation.

Under Maryland Code (1957, 1966 Repl. Vol.), Art. 23, § 78, the directors of a dissolved corporation are constituted trustees, who "* * * may sue or be sued in their own names as trustees, or, notwithstanding such dissolution, [the trustees may sue] in the name of the corporation; * * *." *See also, Atlantic Mill & Lumber Realty Co. v. Keefer,* 179 Md. 496, 500, 20 A. 2d 178 (1941), which quoted with approval 19 C.J.S. *Corporations* § 1772 (1940) at 1562: "After a corporation has become effectively dissolved in any mode known to the law, its power to sue or be sued, either in actions *in personam* or *in rem,* in its corporate name is extinguished * * *." (Emphasis added); *Callahan v. Clemens,* 184 Md. 520, 41 A. 2d 473 (1945); and *In re Hare,* 205 F. Supp. 881 (D. Md. 1962).

The Parkside Corporation would like to rely on District of Columbia law, which it says is to the contrary. We find no indication in the record that the Parkside Corporation took the steps required to invoke the benefit of foreign law.

Maryland has adopted the Uniform Judicial Notice of Foreign Law Act, Code (1957, 1965 Repl. Vol.) Art. 35, §§ 47-53. § 50 of the Act provides that:

> "Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

This Court, speaking through Judge Johnson, pointed out in *Prudential Insurance Co. v. Shumaker,* 178 Md. 189, 12 A. 2d 618 (1940) that,

> "* * * in order for a litigant to invoke the benefits of such foreign law it required * * * that he give reasonable notice in the pleadings or otherwise to the adverse party of his intention [to rely on foreign law], such notice being a prerequisite to offering proof of such foreign law or asking the court to take judicial notice thereof." At 197-98.

*Metropolitan Auto Sales Corp. v. Koneski,* 252 Md. 145, 249 A.

2d 141 (1969). *Leatherbury v. Leatherbury,* 233 Md. 344, 196 A. 2d 883 (1964) ; *Alexander v. Hergenroeder,* 215 Md. 326, 138 A. 2d 366 (1958) ; *Maccabees v. Lipps,* 182 Md. 190, 34 A. 2d 424 (1943) ; Maryland Rule 885. Since Mrs. Lindner received no notice of appellant's intention to rely on foreign law, Maryland law applies. *Hogan v. Q. T. Corp.,* 230 Md. 69, 185 A. 2d 491 (1962) ; *Leatherbury v. Leatherbury, supra.* Parkside Corporation's reliance on Rule 222 is misplaced, since it provides that an action which has been instituted by a corporation shall not be abated by *subsequent* dissolution. Code, Art. 23, § 82 (a).

*Judgment affirmed; costs to be paid by appellant.*