GIBRALTAR CONSTRUCTION AND ENGINEERING,
INC. ET AL. *v.* STATE NATIONAL BANK
OF BETHESDA

[No. 329, September Term, 1971.]

*Decided May 17, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, █ SINGLEY and SMITH, JJ.

*Branko Stupar,* with whom were *Kenneth E. Conklin* and *Faulkner & Shands* on the brief, for appellants.

*Stanley B. Frosh,* with whom were *Frosh, Lane & Edson* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

Our statement in *Parkside Terrace Apartments v. Lindner,* 252 Md. 271, 272, 249 A. 2d 717 (1969) that "a detailed review of the facts which gave rise to this controversy is not particularly rewarding" is equally applicable to the present case and for a somewhat related reason, *i.e.,* the ability of a dissolved foreign corporation to "maintain" the present appeal.

The appellee, State National Bank of Bethesda (State Bank), filed nine actions in the Circuit Court for Montgomery County in February and March 1967 against the appellants, Gibraltar Construction and Engineering, Inc. (Gibraltar), as maker, and Robert Youso and Nellie Youso, as guarantors of the payment of nine promissory notes containing warrants to confess judgment. Judgments were confessed against the appellants and motions were made by them to permit the imposition of defenses, which were granted. The appellants, as defendants below, filed counterclaims against State Bank,

claiming that State Bank had improperly interfered with Gibraltar's business by terminating Gibraltar's contract with one of its sub-contractors. Later, the actions were removed for trial to the Circuit Court for Baltimore County, where, on September 26, 1968, the various actions were consolidated for trial. In addition to the nine notes mentioned, there was a tenth note made by the Yousos to secure a loan made by State Bank to them in connection with the purchase of a cabin cruiser. Gibraltar was not involved in this note; State Bank sued the Yousos on the $3,749.73 note and this action (No. 78335) was consolidated for trial with the other nine cases.

At the end of the trial, at which a substantial amount of testimony was taken and many documentary exhibits offered in evidence, Judge Haile overruled the motions of State Bank for a directed verdict in its favor on the counterclaims and submitted the case to the jury with detailed instructions. The jury, on August 4, 1970, found a verdict in favor of State Bank against all of the defendants for $41,161.26 on the nine promissory notes with interest and costs, but found in favor of the cross-claimants against the plaintiff, State Bank, in the amount of $60,000.00 plus interest and costs. The jury found a verdict in favor of State Bank against the Yousos in No. 78335 for $1,879.00 for which judgment was duly entered. The Yousos filed a timely appeal from this judgment; but there was no contention on appeal that this judgment was not properly entered or that the Yousos had any claim against State Bank. In its motion for judgment n.o.v., State Bank sought the entry of a judgment for the $3,749.73 claimed by it, rather than a judgment for $1,879.00 based on the jury's verdict for this latter amount; but the lower court declined to disturb the jury's verdict of $1,879.00. State Bank filed no cross-appeal.

Also in its motion for a judgment n.o.v., State Bank sought the entry of a judgment for $56,161.26 upon the nine promissory notes instead of $41,161.26, the amount of the jury's verdict. Here again, the lower court de-

clined to disturb the jury's verdict for $41,161.26 and State Bank filed no cross-appeal.[1]

State Bank filed a motion for a judgment n.o.v. in its favor on the counterclaim and Judge Haile granted this motion on November 13, 1970. From a judgment entered on the same day, the defendants took a timely appeal to this Court on December 10, 1970. Since the appeal was taken, Robert Youso died in October 1971.

State Bank, in addition to its briefing and arguing the merits of the appeal, urged us in its brief and argument that the appeal of Gibraltar should be dismissed because of the revocation of the certificate of incorporation of that foreign corporation by the District of Columbia on September 9, 1968, and by the cancellation of that corporation's authority to do business in Maryland by the Maryland State Department of Assessments and Taxation on December 20, 1967, for failure to file its personal property return.

We have concluded that the motion to dismiss Gibraltar's appeal has merit and will be granted. The judgment in favor of State Bank against the Yousos for $1,879.00, interest and costs, will be affirmed, there being, as we have indicated, no contention by the appellants in their brief or at the argument that the Yousos have any claim against State Bank under the counterclaim or otherwise. The judgment for $41,161.00, interest and costs, in favor of State Bank against Gibraltar and the Yousos will also be affirmed for the same reason.

Turning now to the motion to dismiss the appeal, Code (1966, Repl. Vol. 1971 Supp.), Art. 23, § 91 (c) provides as follows:

> "(c) *When suit may be maintained by corporation.*—No suit shall be maintained in any court of this State by any such foreign corporation or by anyone claiming under such for-

---

1. The jury's verdict was for $41,161.26. In ruling on the motion for judgment n.o.v., Judge Haile ultimately directed the entry of judgment for $41,161.00.

eign corporation if such foreign corporation is doing or has done intrastate or interstate or foreign business in this State without having complied with the requirements of § 90 of this article, until such foreign corporation or the person claiming under it has shown to the satisfaction of the court

"(1) That such foreign corporation, or a foreign corporation successor thereto, has complied with the requirements of § 90 [of] this article, or

"(2) That neither such foreign corporation nor any foreign corporation successor thereto is continuing to do intrastate or interstate or foreign business in this State, and

"(3) That such foreign corporation or the person claiming under it has paid to the Department the penalty provided for in subsection (d) hereof."

It will be observed that § 91 is a part of Art. 23 of the Code containing the provisions in regard to "Foreign Corporations." By § 87, the phrase *"foreign corporation"* is defined and "shall mean every corporation, association or joint-stock company formed or existing under the statute or common law of any state (other than this State), territory, district, possession or foreign country, or the United States."

Gibraltar was incorporated under the Laws of the District of Columbia on March 2, 1966, and was a "foreign corporation" as defined by § 87. Under its corporate charter, it was empowered "to make contracts for the purpose or purposes of engaging in the business of construction and building, either as a General Contractor or as a Sub-Contractor; to perform all types of construction, excavation, building, erection, repair, remodeling, demolition and any and all other such activities, either under contract or agreement or otherwise for owners, lessors, contractors or any other persons or com-

panies or corporations. In general, to carry on any other business connected with or incidental to the foregoing objects and purposes, and to have and exercise all the powers conferred by the laws of the District of Columbia upon corporations formed under the District of Columbia Business Corporation Act."

The record indicates that Gibraltar qualified to do business in Maryland on July 14, 1966, and thereafter actively engaged in the contracting business in Maryland. There is no evidence in the record to indicate when Gibraltar ceased to do business in Maryland, and it will be presumed that it continued to do business in this State until the contrary is shown. See *Tully v. Dasher*, 250 Md. 424, 432-33, 244 A. 2d 207, 212 (1968) and 31A C.J.S., *Evidence*, § 124 (1) at 222 *et seq.* The facts in regard to the doing of intrastate business in Maryland are particularly within Gibraltar's knowledge and the burden of coming forward with evidence to indicate a change in this regard was upon it. *Tully, supra. See also Clinton Petroleum Services, Inc. v. Norris*, 264 Md. 15, 284 A. 2d 413 (1971) ; 29 Am. Jur. 2d *Evidence* § 131, at 164-65.

As we have indicated, Gibraltar's authority to do business in Maryland was cancelled on December 20, 1967, for failure to file its personal property returns, pursuant to the authority granted to the State Department of Assessments and Taxation by Code (1969 Repl. Vol.) Art. 81, § 253, which provides that after the required notice by the Department to the foreign corporation, it shall "forfeit all right to do intrastate business in this State and shall be in all respects subject to the same penalties, rules and legal provisions as if it had never been qualified or licensed to do business in this State; * * *." Art. 23, § 90 (f) provides that a "foreign corporation shall be qualified to do intrastate business in this State so long as * * * (4) Such corporation has not forfeited its right to do such intrastate business under the laws of this State."

There is no question that by the action of the Depart-

ment, Gibraltar forfeited its right to do business in Maryland under the applicable State laws.

As we have seen, by virtue of the provisions of Art. 23, § 91 (c), no foreign corporation in the unhappy position of Gibraltar shall *maintain* any suit in *any* court of this State. Hence, even though Gibraltar had filed its respective counterclaims prior to December 20, 1967, when its authority to do business in Maryland was revoked, it thereafter had no authority to maintain its counterclaim further by appeal to this Court and when the facts of the revocation of its charter by the District of Columbia authorities and of the cancellation of its authority to do business in Maryland were brought to the attention of this Court—and these facts are not disputed by Gibraltar—by State Bank's motion to dismiss, we are obliged to grant the motion to dismiss in order to comply with the mandatory provisions of § 91.

Gibraltar has not shown to us that it has complied with the provisions of § 90 or that it is not continuing to do intrastate business in Maryland and that it has paid to the Department the $200.00 penalty provided for in Subsection (d) of § 91.

Gibraltar seeks to rely upon Art. 23, § 82 (a) which provides that the dissolution "of a corporation shall not * * * abate any pending suit or proceeding by or against the corporation and all such suits may be continued with such substitution of parties, if any, as the court directs." See also Maryland Rule 222 to the same effect, implementing the provisions of § 82 (a). In our opinion this reliance is misplaced inasmuch as § 82 (a) is applicable only to *Maryland domestic* corporations and not to *foreign* corporations. See § 76 (a) in regard to dissolution of "any corporation *of this State* * * *" (Emphasis supplied.) and subsequent sections through § 83. As we have noted, the provisions of Art. 23 in regard to "foreign corporations" begin with § 87 and continue through § 93A, including, of course, §§ 90 and 91.

Gibraltar also seeks solace in Title 29, Section 716 of

the District of Columbia Code (1967 ed.) which provides:

> "No action pending in favor of or against any corporation shall be discontinued or abate by the dissolution of the corporation, whether such dissolution occur by the expiration of its charter or otherwise, but all such actions may be prosecuted to final judgment in its corporate name; and on all judgments so obtained, whether before or after its dissolution, execution may be had and satisfaction enforced in such corporate name."

It obtains no comfort from this section which applies to actions *in the District of Columbia,* and not to actions by foreign corporations *in Maryland,* which, as we have observed are governed in the instant case by Art. 23, § 91.

We might add that our review of the record, briefs and arguments would have led us to the same result had we considered Gibraltar's appeal on its merits.

*Motion to dismiss appeal as to Gibraltar Construction and Engineering, Inc., one of the appellants, granted; judgments in favor of State National Bank of Bethesda against Robert Youso and Nellie Youso, two of the appellants, for $1,879.00, with interest and costs, and against Gibraltar Construction and Engineering, Inc., Robert Youso and Nellie Youso, for $41,161.00, with interest and costs, affirmed; Gibraltar Construction and Engineering, Inc., one of the appellants, to pay the costs.*