RUDDEN, indiv. and t/a Jax Garden Center v.
GRO-PLANT INDUSTRIES, INC.

[No. 293, September Term, 1972.]

*Decided May 29, 1973.*

The cause was argued before Barnes, McWilliams, Singley, Smith and Levine, JJ.

*Daniel B. Wiegers* for appellant.

*Mitchell Stevan,* with whom were *Sagner, Stevan & Harris* on the brief, for appellee.

McWilliams, J., delivered the opinion of the Court.

The appellant (Rudden) urges us to set at naught an order of the trial judge, Cahoon, J., denying his motion to quash

the writ of fieri facias issued upon the order of the appellee (Gro-Plant). Before we say why we shall affirm Judge Cahoon a curious set of facts must be related.

On 18 June 1970 Gro-Plant filed, in the Circuit Court for Montgomery County, its declaration, affidavit, notice to plead and a motion for summary judgment against Rudden claiming $1,807.25. The declaration is limited to two common counts — for goods bargained and sold and for money due on accounts stated between them. A detailed statement of the goods ordered on 2 July 1968 was attached. On 20 July Rudden submitted 13 interrogatories. Gro-Plant's answers thereto revealed that it is a Florida corporation, that it was not registered to do business in Maryland and that in this regard it followed the advice of counsel. Answering further it said Rudden gave its salesman an order for the merchandise on 2 July 1968, that the order was sent to its place of business in Florida for acceptance, that a list of the items ordered was sent to Rudden "as an acknowledgment" of its acceptance and that the merchandise was shipped on 23 March 1969. During the years 1968, 1969 and 1970, it continued, "any matters arising in Maryland" were handled by one salesman; it neither owns nor leases any real estate in Maryland; none of its officers or directors resides in Maryland; nor has it filed any tax returns in Maryland. Revenues from sales in Maryland do not exceed $100,000 annually which, it says, is less than ten per cent of its "entire annual volume." The salesman who took the order lives in Florida.

Gro-Plant's reply to Rudden's interrogatories was filed on 11 September 1970. Judgment in favor of Gro-Plant was entered on 18 January 1972. During the intervening 16 months Rudden seems to have done nothing. We have combed the transcript in search of a demurrer, a plea, an affidavit of defense, or a defensive pleading of any kind. We have found nothing. But on the very next day, 19 January, Rudden filed a motion to set aside the judgment. He gave as his "reasons therefor" that he had "one or more valid and material defenses to the merits" of Gro-Plant's claim, that the Military Affidavit failed to show the competence and personal knowledge of the affiant, and that the motion for

summary judgment "is dated . . . almost two years prior to the granting" thereof. Gro-Plant, in reply, declared that its attorney tried a number of times to communicate with Rudden's attorney both by mail and by telephone. On only one occasion was he successful; Rudden's attorney said he would communicate with his client. "After having exhausted every patient effort . . . [its] attorney submitted a request for summary judgment . . . ." After a hearing before Judge Cahoon on 10 March 1972 Rudden's motion was denied.

On 5 May 1972 Gro-Plant ordered the issuance of the writ of fieri facias. On 22 May Rudden moved to quash the writ on the grounds that Gro-Plant "is a foreign corporation" doing business in Maryland "without compliance with [the] requirements of [the] law . . . ." On the same day the court ordered the execution suspended "until this matter is heard and determined." Rudden's motion to quash came on for a hearing on 1 September. Judge Cahoon found

> " . . . the *res judicata* argument [to be] persuasive . . . particularly because . . . [Rudden's] motion is founded upon the facts that are in the interrogatories which were propounded and responded to sometime in 1970. . . . It seems to me . . . very clear from this record that the ground for defense was available and could have been asserted. It was not done and [it] is *res judicata* as between these parties."

From his order denying the motion Rudden has appealed.

While we have yet to subsume the Book of Ecclesiastes into the Maryland Rules, counsel would do well to recall and heed the admonition:

> "To everything there is a season, and a time to every purpose under the heaven.
>
> * * *
>
> "A time to rend, and a time to sew, a time to keep silence, *and a time to speak.*" (Emphasis added.)

The tenor of Rudden's interrogatories suggests he had then a firm intention to brand Gro-Plant as a foreign corporation

"doing business" in disregard of the requirements of Code (1973 Repl. Vol.), Art. 23, § 90, and to claim the benefit of the sanction provided by § 91(c). When Gro-Plant answered it was Rudden's "time to speak" but as we have observed his failure to do so was total, inexplicable and unexplained. Quite likely his silence would have continued indefinitely had Gro-Plant not obtained its summary judgment. Oddly enough neither in his motion to strike the judgment nor during argument at the March hearing was any mention made of the fact that Gro-Plant was an unregistered foreign corporation. After his motion was denied Rudden seems to have relapsed into his habitual trance. Aroused once more, this time by the threat of execution, Rudden moved to quash the writ alleging, for the first time, the nullity of the judgment because of Gro-Plant's foreign status.

Fatal to Rudden's several contentions is the fallacy of his presumption that Gro-Plant was "doing business" in Maryland to a degree which required its compliance with the provisions of Art. 23, § 90. He insists the disclosures made by Gro-Plant in its answers to his interrogatories demand such a conclusion. While we shall not so hold we do not agree that this is so. It well could be, and indeed we think it likely, that the circumstances here, had there been a trial, might have proved to be parallel to the situation in *G. E. M., Inc. v. Plough, Inc.*, 228 Md. 484, 180 A. 2d 478 (1962). To the same effect *see Katz v. Simcha Company, Inc.*, 251 Md. 227, 238, 246 A. 2d 555 (1968). But the burden of proving that to be so was upon Rudden and he made no effort to shoulder that burden. He seems to be saying that Judge Cahoon should have undertaken, sua sponte, to deny the summary judgment solely on the basis of Gro-Plant's answers. In fact, Judge Cahoon thought the facts disclosed by those answers "would fall short of establishing that . . . [Gro-Plant] is doing business here." We think the judgment was properly entered and that it is now impregnable to the kind of collateral attack mounted by Rudden. *Johnson v. Johnson*, 265 Md. 327, 289 A. 2d 318 (1972); *Grantham v. Board of County Commissioners for Prince George's County*, 251 Md. 28, 246 A. 2d 548 (1968), and the cases there cited.

It would certainly follow from what we have said that

there is no merit in Rudden's contention that Gro-Plant's execution upon its judgment should be suspended pending compliance with Art. 23, § 90. Rudden relies, in this regard, on *Gibraltar Construction and Engineering, Inc. v. State National Bank of Bethesda,* 265 Md. 530, 290 A. 2d 789 (1972), but its reliance is misplaced because *Gibraltar* is clearly distinguishable from the instant case.

We do not reach the res judicata question. Nevertheless we think *DeMaio v. Lumbermens Mutual Casualty Company,* 247 Md. 30, 230 A. 2d 279 (1967), and the cases there cited would dispose of it.

> *Order affirmed.*
> *Costs to be paid by the appellant.*