**ROLDAN CORPORATION
N.V., Petitioner,**

v.

**DISTRICT COURT, CITY AND COUNTY
OF DENVER, Colorado, and the Honorable Raymond Dean Jones, Respondents.**

No. 85SA377.

Supreme Court of Colorado,
En Banc.

March 31, 1986.

Pendleton & Sabian, P.C., Joseph E. Meyer, III, Ted D. Gardenswartz, Denver, for petitioner.

Roath & Brega, P.C., Robert P. Thomasch, David A. Klibaner, Denver, for respondents.

LOHR, Justice.

In this original proceeding, petitioner Roldan Corporation N.V. (Roldan) seeks relief from an order of the respondent district court that dismissed with prejudice a civil action filed by Roldan. We issued a rule to show cause why the relief requested by the petitioner should not be granted, and we now make the rule absolute.

### I.

On January 2, 1985, Roldan, a foreign corporation with its principal place of business in the Netherlands Antilles, filed suit in Denver District Court against East-West Investment Partnership (East-West), a general partnership; Sener N.V., a foreign corporation; and five individuals. Sener N.V. and the individuals were alleged to be general partners in East-West. The complaint alleged that Roldan and East-West had entered into a partnership agreement for the purpose of acquiring, operating and holding a parcel of real property in Denver and that East-West had not performed as required by the agreement, causing Roldan to lose its $1,037,096 investment. Roldan sought compensatory and exemplary damages of more than $6,000,000 from East-West and its general partners.

On June 12, 1985, East-West filed a motion for summary judgment. East-West sought dismissal of the complaint on the grounds that Roldan, as a foreign corporation, was required by section 7-9-101(1), 3 C.R.S. (1973), to have a certificate of authority from the secretary of state before it could transact business in this state, that Roldan did not have such a certificate, and therefore Roldan was barred by section 7-9-103(1), 3 C.R.S. (1973), from maintaining this action. Roldan filed a brief in opposition to the motion for summary judgment on July 1, arguing that it was not transacting business in the state and therefore was not required to obtain a certificate of authority and could not be barred by the absence of such a certificate from bringing suit against East-West.

On July 15, 1985, the district court signed an order granting the motion for summary judgment, dismissing the complaint with prejudice and awarding East-West reasonable attorney's fees incurred by it in defending the action. Roldan later alleged, in a motion to alter or amend the judgment, that the court's order of dismissal was not mailed to Roldan's attorney until the end of August and that Roldan was not otherwise notified of the court's action. These allegations were supported by an affidavit and attached exhibits and were not disputed by East-West or the respondent court.

On July 26, 1985, before Roldan learned of the July 15 summary judgment, Roldan supplemented its brief in opposition to the motion for summary judgment by advising the district court that it had applied to the secretary of state for a certificate of authority to transact business in Colorado. On August 2, still unaware of the summary judgment dismissing its complaint, Roldan submitted proof that it had obtained a certificate of authority.

After learning, at the end of August, that the district court had granted the motion for summary judgment and dismissed the complaint with prejudice, Roldan filed a motion to alter or amend the judgment on September 4, 1985. Roldan argued that its complaint should not have been dismissed because it was not transacting business in Colorado and therefore was not required to have a certificate of authority. Roldan

also argued that its failure to have a certificate of authority, if required, before filing the action did not warrant the automatic dismissal of its complaint because the absence of such a certificate is a defect that can be cured prior to trial. Roldan contended that it should have been given an opportunity to secure a certificate of authority prior to dismissal, and because it had secured such a certificate, the summary judgment of dismissal should be vacated. Finally, Roldan argued that even if dismissal was proper, it should not have been "with prejudice." Instead, Roldan should have been permitted to refile the complaint once it had obtained the certificate. The district court denied the motion on September 23, stating only, "Motion denied as the Court determines the grounds stated lack merit."

Roldan then filed in this court a petition for relief in the nature of mandamus under C.A.R. 21, seeking reinstatement of the complaint or, in the alternative, conversion of the dismissal to a dismissal without prejudice. We issued a rule and order to show cause on October 31, 1985. We conclude that the district court abused its discretion in dismissing the suit *with prejudice* and in failing to grant Roldan's post-trial motion to reinstate the suit after Roldan submitted proof that it had begun efforts to secure a certificate of authority before being notified of the summary judgment and had obtained such a certificate promptly after application. We express no opinion as to Roldan's alternative theory that it was not transacting business in the state of Colorado and therefore was not required to obtain a certificate of authority.

## II.

We first consider the propriety of exercising our original jurisdiction to review the trial court's dismissal with prejudice of Roldan's complaint.

■ Article VI, section 3, of the Colorado Constitution vests this court with jurisdiction to issue original and remedial writs, and we have prescribed the procedure for invoking and exercising that jurisdiction in C.A.R. 21. The exercise of our original jurisdiction is discretionary and is necessarily governed by the particular circumstances of each case. *Williams v. District Court*, 700 P.2d 549, 553 (Colo.1985). Our original jurisdiction is properly invoked when a trial court has seriously abused its discretion and an appellate remedy would not be adequate. *Bye v. District Court*, 701 P.2d 56, 59 (Colo.1985); *Halliburton v. County Court*, 672 P.2d 1006, 1009 (Colo. 1983).

■ We believe that the exercise of our original jurisdiction is appropriate under the circumstances of this case. In its petition, Roldan persuasively argued that because of the length of time inherent in any appeal, an appeal by Roldan likely would not be resolved before the expiration of the period of limitations applicable to at least one of Roldan's claims. An appellate decision ostensibly in Roldan's favor holding that the dismissal should have been without prejudice would leave Roldan with an inadequate remedy in that Roldan could not refile at least one of its claims for damages. That possibility, when combined with the substantial nature of the abuse of discretion on the part of the district court, made this an appropriate matter for discretionary review in an original proceeding.

## III.

Section 7–9–101(1), 3 C.R.S. (1973), provides that a foreign corporation has no "right to transact business in this state until it has procured a certificate of authority to do so from the secretary of state." Section 7–9–103(1), 3 C.R.S. (1973), further provides:

No foreign corporation transacting business in this state without a certificate of authority nor anyone in its behalf shall be permitted to maintain any action, suit, or proceeding in any court of this state until such corporation has obtained a certificate of authority.

■ The provisions of section 7–9–103(1) are mandatory, and a foreign corporation must comply with that statute before it can maintain a civil action in a court of this state. *Levitt Multihousing Corp. v. District Court*, 188 Colo. 360, 364, 534 P.2d 1207, 1209 (1975). The prohibition is provisional, however, and may be removed

at any time by complying with the statutory requirements. *International Trust Co. v. A. Leschen & Sons Rope Co.*, 41 Colo. 299, 311, 92 P. 727, 731 (1907) (construing a predecessor of section 7–9–103(1) ). *See also Levitt*, 188 Colo. at 365, 534 P.2d at 1209 ("[T]he statute allows a formerly unqualified foreign corporation to rectify its status and so receive full access to our state courts."). In *International Trust*, we held that when the plaintiff, a Missouri corporation, complied with the requirements of the statute after the commencement of its suit but before trial, it was entitled to maintain its action. 41 Colo. at 311–12, 92 P. at 731. "[T]he purpose of the statute is fully accomplished by an actual compliance with its requirements subsequent to the commencement of the action...." *Id.* at 312, 92 P. at 731. We see nothing in the present statute to alter this conclusion.

■ In light of the foregoing principles, we conclude that the dismissal of Roldan's complaint *with prejudice* was not within the scope of the trial court's discretion. The refiling of the action would be fully consistent with the holding of *International Trust* that a foreign corporation not properly qualified in Colorado can remove the statutory prohibition against maintaining a civil action by taking the steps necessary for qualification at any time.

■ Moreover, the trial court seriously abused its discretion in failing to vacate the summary judgment and in not reinstating the complaint when Roldan supplied proof that it had not received notice of the dismissal until after it had obtained a certificate of authority and filed a copy of that certificate with the court. Roldan's motion to alter or amend the judgment fully explained these facts, and there was no just reason under the circumstances not to vacate the judgment of dismissal and permit the litigation to proceed. This abuse of discretion was seriously aggravated by the dismissal *with prejudice*, which prevented Roldan from filing a new civil action unless and until appellate relief could be obtained.[1]

We make our rule absolute and direct the district court to vacate its summary judgment of dismissal and to reinstate Roldan's complaint.[2]

---

1. The partial record before us indicates that the summary judgment of dismissal may not be presently appealable, thus further increasing the prejudice to Roldan. Only East-West moved for summary judgment. The summary judgment order directed judgment in favor of East-West and against Roldan without mentioning the other defendants, although it also purported to dismiss Roldan's complaint without qualification. If judgment has not been entered on Roldan's complaint against the other defendants and if the court did not direct final judgment as to East-West pursuant to C.R.C.P. 54(b), the summary judgment in favor of East-West is not ripe for appeal. *See Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123 (Colo.1982).

2. The summary judgment against Roldan also awards reasonable attorney's fees to East-West. The basis for that award does not appear from the record. The vacation of the summary judgment of dismissal should encompass vacation of the attorney's fee award as well.