# Edward A. F. Mears vs. Richard A. Remare.

*Practice—Judgment of reversal—Writ of restitution.*

In a proceeding before a justice of the peace, by a landlord against a tenant for years, wrongfully holding over after the expiration of his term, judgment was rendered for the tenant. Upon an appeal by the landlord from this judgment to the Baltimore City Court, a summons was issued to the tenant, and returned *non est*. Upon application of the landlord, the Court without notice to the tenant, directed the sheriff to amend this return by stating the facts specially in regard to the service of the writ, and thereupon proceeded to the trial of the case *ex parte*, and rendered judgment of restitution, which was executed. This judgment, upon an appeal by the tenant to the Court of Appeals, was reversed upon the ground, that the City Court had no jurisdiction of the case, the tenant not having been returned summoned, and only *one* return of *non est* having been made. Upon the application of the tenant, a writ of restitution was issued by the clerk of the Court of Appeals. On the petition of the landlord this writ was quashed. On the motion by the tenant, to rescind the order quashing the writ, it was HELD:

1st. That the writ of restitution was not only irregularly issued, but it was void for want of a judgment in the Court of Appeals, upon which it could be founded.

2d. That the effect of the judgment of reversal of the Court of Appeals, was to leave the case standing in the City Court precisely as if no trial had occurred in that Court, and it was competent for the appellant in that Court to proceed to give the legal notice to the adverse party, and thereupon proceed to trial in the usual way.

A writ of restitution can only be issued upon the special award of the Court.

MOTION to rescind an order quashing a writ of restitution. The present proceeding is supplementary to the case between the same parties, reported in 33 *Md.*, 246. Upon the reversal by this Court of the judgment appealed from, a writ of restitution was issued by the clerk of this Court upon the application and direction of the attorney for the appellant. The appellee, on the 14th of April, 1871, filed a petition to

the Court averring that said writ had been unduly and improvidently issued, and praying that the same might be quashed; on the same day the Court passed an order quashing the writ. The appellant thereupon moved the Court to rescind said order.

The motion was submitted to BARTOL, C. J., BRENT, GRASON and ALVEY, J.

*Edward Israel* and *Milton Whitney*, for the motion.

*T. Wallis Blackistone* and *Arthur W. Machen*, against the motion.

ALVEY, J., delivered the opinion of the Court.

The motion to rescind the order of this Court of the 14th of April, 1871, quashing the writ of restitution issued by the clerk, upon the application and direction of the attorney of the appellant, Mears, must be overruled. The writ of restitution was not only irregularly issued, but was simply void for want of a judgment in this Court upon which it could be founded.

The case was originally brought here by an appeal from the judgment of the Baltimore City Court, rendered in the case of an appeal from the judgment of a justice of the peace to that Court; and the only question upon which the appeal could be maintained in this Court, was the one of jurisdiction of the City Court to hear and decide the case, without due and legal notice, such as the law prescribed to be given to the appellee in such cases. That was the only question for review in this Court, and was the only one that was decided. The merits of the controversy between the parties were not before us, and could not, therefore, be passed upon. The reversal of the judgment appealed from was simply because it had been rendered without due notice; and upon such reversal the case was left standing in the City Court precisely as if

no trial had occurred in that Court, and it was competent to the appellant in that Court to proceed to give the legal notice to the adverse party, and thereupon proceed to trial in the usual way.    Upon the determination of the question of jurisdiction by this Court, there was no other judgment entered than that of reversal simply ; as we supposed that the effect of the reversal on such a question would be well understood by all concerned.    To obviate all further misunderstanding upon the subject, however, we shall now order the cause to be remanded, that it may be proceeded with in the City Court, as if no trial had ever taken place there.

As we have said, the judgment of this Court was simply that of reversal, and no restitution was awarded, for the obvious reason that we had not the merits of the controversy before us, and had no power or jurisdiction to pass upon them ; and the writ of restitution is always founded upon the special award of the Court.    2 *Tidd's Practice*, 1033, 1186 ; *Ad. on Eject.*, 252 ; *Klinefelter's Lessee vs. Carey*, 3 *Gill & John.*, 349, 355.    And such being the case, most clearly, the clerk, upon the mere direction of the attorney, had no power or authority to issue such writ, without the previous award of the Court.    If, by the practice of the English Courts, a Judge at Chambers has no power to award such writ, as would appear to be the case, much less can it be supposed that the clerk of the Court can do it.    *Williams vs. Williams*, 2 *Ad. & Ell.*, 381 ; *Ad. on Eject.*, 252.

> *Motion to rescind overruled,*
> *and  cause remanded for*
> *further proceedings.*

(Decided 11th May, 1871.)