REDWOOD HOTEL, INC., ET AL. *v.* KORBIEN ET AL.

[No. 125, October Term, 1950.]

*Decided April 12, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*H. Mortimer Kremer* and *Herbert Myerberg* for appellants.

*Wendell D. Allen* and *Francis B. Burch* for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This appeal brings before us a petition for restitution filed in the Circuit Court of Baltimore City by Redwood Hotel, Inc., lessee, and others against Katherine Korbien and Irene W. Korbien, lessors, who recovered possession of their hotel building on East Redwood Street and also the furniture and other chattels therein by means of an injunction suit, which has been dismissed.

The bill of complaint, which was filed June 9, 1948, alleged that complainants leased the premises to Michael J. Cooney from March, 1946, to March, 1953, for yearly rental of $4,800, and that Cooney assigned the lease to the hotel company; and that after the company defaulted in payment of the rent for the months of March, April and May, 1948, and violated other covenants of the lease, complainants distrained on the furniture and other chattels, and on May 29, 1948, the chattels were sold at auction to complainants for $1,400. The bill further alleged that the company agreed to surrender possession of the premises not later than June 5, 1948; but that Clarence M. Plitt, one of the directors of the company, who claimed a lien on the furniture under a deed of trust, caused the company to repudiate its promise. The bill also alleged that the lien on the furniture was for a usurious transaction and was not superior to the rights of complainants.

The bill prayed for a decree (1) to order the company to surrender possession of the premises and the chattels; (2) to enjoin Clarence M. Plitt and his wife from in-

terfering with the surrender of possession; (3) to declare the lease terminated; and (4) to award damages sustained by complainants in consequence of the breaches of the covenants in the lease.

On June 9, 1948, the chancellor granted an interlocutory injunction ordering the hotel company to surrender possession of the leased premises and the chattels therein upon the filing by complainants of a bond in the amount of $3,000. The company moved for dissolution of the injunction, but the motion has never been heard.

On September 13, 1949, the chancellor entered a decree (1) permanently enjoining the company and Clarence M. Plitt and wife from entering into possession of the premises; (2) declaring that the deed of trust was not a purchase money chattel mortgage; (3) declaring that complainants acquired good title to the chattels bought at the distraint sale; and (4) awarding damages in favor of complainants against the company and also against its president, Earl B. Wolverton, and his wife, guarantors of the covenants in the lease.

On May 17, 1950, the Court of Appeals reversed the decree and dismissed the bill of complaint on the ground that the Circuit Court had no jurisdiction of the case. *Redwood Hotel v. Korbien,* 195 Md. 402, 73 A. 2d 468.

The petition for restitution filed by defendants July 21, 1950, alleged that complainants have been in possession of the premises and chattels and have been operating the hotel since June, 1948; that the injunction was wrongfully issued; and that defendants are entitled to be restored to their former position. On November 9, 1950, defendants entered an appeal from an order dismissing their petition.

The inherent power of the courts to restore to a litigant any property of which he has been deprived by the enforcement of a judgment which is subsequently reversed has been recognized in England from a very early period. In 1803 it was held by the General Court of Maryland in *Green v. Stone,* 1 Har. & J. 405, that if money is paid on a judgment which is afterwards re-

versed, the money can be recovered back in an action for money had and received, but only in case it was equitably due at the time of the judgment or the payment, the defendant being entitled to make any equitable defense to the plaintiff's claim.

It is generally recognized that restitution is not a matter of right, but of grace, and rests in the sound discretion of the court, and the court will not award it where the justice of the case does not call for it. It has been said that the reason why there should be some discretion in the exercise of the power to order restitution is that liability for restitution is not founded upon any supposed wrong on the part of the appellee in enforcing the judgment pending appeal, but upon the ground that in equity and good conscience he ought to restore to the appellant after a reversal everything of value which he had obtained on account of the erroneous judgment. *Gould v. McFall,* 118 Pa. 455, 12 A. 336, 4 Am. St. Rep. 606; *Thompson v. Reasoner,* 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495; *People v. Bandy,* 239 Ill. App. 273; *Teasdale v. Stoller,* 133 Mo. 645, 34 S. W. 873, 54 Am. St. Rep. 703; *Healy v. Wostenberg,* 47 Wyo. 375, 38 P. 2d 325, 333; *Atlantic Coast Line R. Co. v. State of Florida,* 295 U. S. 301, 55 S. Ct. 713, 717, 79 L. Ed. 1451; *Greenwood County v. Duke Power Co.,* 4 Cir., 107 F. 2d 484, 131 A. L. R. 870, 876; 3 Am. Jur., Appeal and Error, sec. 1243. We affirm the statement of the American Law Institute that a person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final. Restatement, Restitution, sec. 74.

In *Mears v. Remare,* 34 Md. 333, 335, the Clerk of the Court of Appeals, after the Court had reversed a judgment of the Baltimore City Court, issued a writ of restitution upon the request of the appellant. The Court passed an order quashing the writ, and the appellant

moved to rescind that order. The Court overruled the motion on the ground that the writ was not only irregularly issued by the Clerk, but also was void for lack of any judgment in this Court upon which it could be founded. Judge Alvey, after pointing out that the only question on which the appeal could be maintained was the jurisdiction of the lower Court, then explained: "As we have said, the judgment of this court was simply that of reversal, and no restitution was awarded, for the obvious reason that we had not the merits of the controversy before us, and had no power or jurisdiction to pass upon them; and the writ of restitution is always founded upon the special award of the court."

The procedure for the recovery of property obtained under an erroneous judgment or decree varies according to the circumstances. At common law a writ of restitution was issued by the appellate tribunal as incidental to its power to correct errors, if the amount paid by the appellant under compulsion appeared of record; and thus the court not only reversed the erroneous judgment, but also restored the amount which the appellant had lost in consequence of the judgment. If the amount lost by the appellant did not appear of record, process in the nature of an order to show cause was first issued. *Haebler v. Myers,* 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588. Of course, if the appellate court does not order restitution, the appellant may, under some circumstances, make application for restitution in the original cause. If he cannot obtain restitution there, he might institute a new suit in the proper forum. *McFadden v. Swinerton,* 36 Or. 336, 59 P. 816, 62 P. 12.

In *Burns v. Bines,* 189 Md. 157, 55 A. 2d 487, 57 A. 2d 188, the Court of Appeals authorized restitution in a *habeas corpus* proceeding brought by paternal grandparents against maternal grandparents for the custody of grandchildren. While the case had been brought in a court of law, and not in a court of equity as authorized by statute, we did not require a new suit in equity, but passed upon the merits of the case, inasmuch as it could

have been removed from law to equity if found to be meritorious. We further held that if the appellees should fail to comply with the decision, the trial judge had the right and the duty to compel them to do so. In that case, however, we were dealing only with the general right of restitution, and not with the question whether restitution should be refused on equitable grounds.

There are also cases in this country, such as *Arkadelphia Milling Co. v. St. Louis Southwestern Ry. Co.,* 249 U. S. 134, 39 S. Ct. 237, 63 L. Ed. 517, where restitution has been ordered in favor of shippers or consumers as a remedy for wrongful injunction, where a public service corporation had enjoined the enforcement of a new rate schedule prescribed by statute, ordinance, or order of commission, and the higher existing rates were charged by the corporation during the life of the injunction. On the other hand, in *Atlantic Coast Line R. Co. v. State of Florida,* 295 U. S. 301, 55 S. Ct. 713, 716, 79 L. Ed. 1451, where freight charges were collected by the railroad in accordance with an order of the Interstate Commerce Commission after the refusal of the District Court, 11 F. Supp. 36, to declare the order invalid, and the decree was reversed by the Supreme Court because the facts were not embodied in the findings, and subsequently the Commission on new evidence made the same order it had made before, and its action was sustained, it was held that the railroad was not bound to make restitution for charges collected prior to the Supreme Court's decision holding the order invalid, because the Commission, having made new and adequate findings, prescribed the same rate it had originally ordered and thus cured defects in form of its earlier decision. In the majority opinion in that case Justice Cardozo said: "Decisions of this court have given recognition to the rule as one of general application that what has been lost to a litigant under the compulsion of a judgment shall be restored thereafter, in the event of a reversal, by the litigants opposed to him, the beneficiaries of the error. * * * But the rule, even though general in its application, is

not without exceptions. A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. * * * The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it."

The specific question on this appeal is whether defendants can obtain restitution in the original cause in the Circuit Court after the Court of Appeals has reversed the decree and dismissed the bill of complaint for want of jurisdiction. We hold that they cannot demand restitution in this cause. We base this opinion not on equitable grounds that justify complainants in retaining possession of the premises and the personalty, but on the ground that we have already held on the first appeal that the Circuit Court does not have jurisdiction to decide the questions at issue, and consequently we cannot now hold that the same Court must decide upon a petition for restitution not only the questions we held the Court could not decide, but also any additional questions that may have arisen since the decree was entered in 1949.

In *Northwestern Fuel Co. v. Brock,* 139 U. S. 216, 11 S. Ct. 523, 35 L. Ed. 151, where the United States Supreme Court reversed a judgment of the Circuit Court for the District of Colorado for want of jurisdiction, because diverse citizenship of the parties had not been shown, it was held that the Circuit Court was not deprived of the right to retain the case for the purpose of rendering judgment for restitution of the money collected on the judgment pending the appeal. But it was explained that, while every court has inherent power, as long as the case and the parties are properly before it, to correct what it has done without authority, and to restore the parties to their former position as far as possible, restitution cannot be ordered where further inquiry is required to guide the court's decision.

We accordingly hold that restitution máy be awarded to an appellant only where the case and the parties are before the court, and all needed inquiry can be made to guide the court's judgment upon a motion in a summary proceeding, the only requisite being that the appellee shall be heard so that in directing restitution no further wrong will be committed, and the decision does not depend at all upon the question whether or not the court rendering the judgment acted within its jurisdiction.

In this State liability on an injunction bond is enforceable in an action at law, and the plaintiff may recover such actual damages as he proves he has suffered as a natural and proximate consequence of the injunction. *Phoenix Pad Co. v. United States,* 111 Md. 549, 75 A. 394. Where the right of restitution depends upon a contested state of facts manifested by dubious evidence, justice can be secured better by requiring that the right be prosecuted in the ordinary form of action, for by deciding the case on summary petition, the court not only draws from the proper court the ascertainment of doubtful facts, but thereby performs the nugatory task of deciding the case under circumstances which do not put a final end to the question in litigation.

Complainants moved to dismiss this appeal on the ground that the charter of Redwood Hotel, Inc., was forfeited in November, 1949, for non-payment of 1948 franchise tax. The charter, however, was revived by the State Tax Commission in December, 1950, and, as far as we know, the corporation is now in existence. The Maryland statute expressly provides that the revival of the charter of a corporation "shall validate all contracts, acts, matters and things made, done and performed within the scope of its charter by such corporation, its officers and agents during the time when such charter was void, with the same force and effect and to all intents and purposes as if said charter had at all times remained in full force and effect." Code Supp. 1947, art. 81, sec. 153. There are also other defendants

522

in the case. We, therefore, concluded that we should not dismiss the appeal but should affirm the order dismissing the petition for restitution.

*Order affirmed, with costs.*