Michael **DEUTSCH**, Minor, by his father and next friend Ben Deutsch, and Ben Deutsch, individually,

v.

**AARON & LILLIE STRAUS FOUNDA-TION**, Inc., a corporation, and Aaron Straus.

Civ. No. 8084.

United States District Court
D. Maryland,
Civil Division.

Oct. 7, 1957.

---

Carleton U. Edwards, II, Bethesda, Md., for plaintiffs.

Clater W. Smith, Herbert F. Murray, and Theodore Sherbow, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Aaron Straus, the individual defendant, has moved for summary judgment in his favor in this action brought against him and a charitable corporation which is not wholly immune from suit, arising out of an accident sustained by the infant plaintiff on July 23, 1952, while he was a camper at a summer camp operated by the corporate defendant near Thurmont, Maryland. The facts material to a decision of that motion are not disputed.

Aaron Straus is ninety years old and blind. He is the president and a director of and the principal contributor to the Aaron and Lillie Straus Foundation, Inc., a Maryland corporation organized for charitable and benevolent purposes on October 8, 1926. The other directors are his wife and his secretary. On October 25, 1943, the corporate charter was forfeited for nonpayment of the annual $10 tax, but it was revived on May 28, 1953, in accordance with Art. 23, sec. 81 of the Annotated Code of Maryland, paragraph (d) of which provides: "Such revival of the charter of the corporation shall validate all contracts, acts, matters and things made, done and performed within the scope of its charter by the corporation, its officers and agents during the time when the charter was void, with the same force and effect and to all intents and purposes as if the charter had at all times remained in full force and effect. All real and personal property, rights and credits of the corporation at the time its charter became void and of which it was not divested prior to such revival shall be vested in the corporation, after such revival, as fully as they were held by the corporation at the time its charter became void. The corporation after such revival shall be liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to such revival as if its charter had at all times remained in full force and effect."

In the interval between the forfeiture and revival, the Foundation continued to carry on its charitable and benevolent activities. During that interval, because of his blindness, the only connection Aaron Straus had with the camp was that he served as president and a director of the Foundation, which, through other agents, servants and employees, operated the camp. It is not suggested that the infant plaintiff or his parents thought that the camp was operated, maintained or controlled by Aaron Straus individually or by anyone other than the corporate defendant. There is no suggestion of fraud or of any participation by Aaron Straus in the alleged tortious act. This action was filed after the revival of the charter.

Under those circumstances, Aaron Straus should not be held responsible for the injuries sustained by the infant plaintiff. Held v. Crosthwaite, 2 Cir., 260 F. 613. See, also, Callahan v. Clemens, 184 Md. 520, 527, 41 A.2d 473; Redwood Hotel, Inc., v. Korbien, 197 Md. 514, 515, 80 A.2d 28; Seaboard Terminals Corporation v. Standard Oil Company, D.C.S.D.N.Y., 35 F.Supp. 566; 13 A.L.R.2d 1220.

Motion granted.