UNITED STATES of America for Use and Benefit of T–J SIDING CONTRACTORS, INC., Plaintiff,

v.

FIREMEN'S INSURANCE CO. OF NEWARK, NEW JERSEY, et al., Defendants.

Civ. No. PJM 93–609.

United States District Court, D. Maryland.

Nov. 18, 1994.

---

Matthew S. Yoo, Baltimore, MD, Eugene M. Brennan, Jr., Annapolis, MD, for plaintiff.

Robert Dixon Windus, Herman M. Braude, Washington, DC, for defendant.

### OPINION

MESSITTE, District Judge.

In an Opinion filed on July 22, 1994, the Court granted Plaintiff T–J Siding Contractors, Inc.[1] leave to file Articles of Revival of its corporate charter pursuant to Section 3–

---

1. As is generally true of Miller Act claims, T–J Siding is the Use Plaintiff herein, while the United States is the nominal Plaintiff. *See* 40 U.S.C. 270b(b).

507 of the Corporations and Associations Article of the *Maryland Code.* The Court did so in order to permit Plaintiff to counter the argument made by Defendants in their Motion to Dismiss that Plaintiff, as a defunct corporation, lacked legal capacity to sue.

It now appears that Plaintiff has filed Articles of Revival and that it has been in good standing since July 13, 1994.[2]

Defendants argue that, even if Plaintiff has revived its Charter, the running of the one year Miller Act statute of limitations still compels dismissal of the suit. Defendants contend that while T–J Siding's alleged revival might give new life to its corporate existence, it cannot retroactively toll the running of the statute of limitations. Plaintiff has offered no answer to this.

Having deferred ruling on the Motion to Dismiss in its Order of July 21, 1994, the Court now decides the Motion.

First, it is clear that Maryland's statute pertaining to revival of a corporation's charter will revive the corporation's capacity to sue. *See Chrysler Credit Corporation v. Superior Dodge, Inc.,* 538 F.2d 616 (4th Cir. 1976); *Redwood Hotel, Inc. v. Korbien,* 197 Md. 514, 80 A.2d 28 (1951). The question, however, is what effect revival has upon the rights of a party as to whom limitations have run during the period of time the charter was void.

Notice of Plaintiff's intention to claim a lien in this case indicates that the work completion date was February, 1992. Since a lawsuit to enforce a claim under the Miller Act must be commenced within one year after the day on which the last of the labor is performed or material supplied, *see* 40 U.S.C. § 270b(b), suit would have to have been commenced by no later than the end of February, 1993.

Suit was in fact filed in this Court on February 25, 1993, unquestionably within one year of the work completion date, but as of a time (which continued until July 13, 1994) that Plaintiff's charter was forfeited.

Plaintiff apparently assumes that upon revival of its corporate existence, the law will treat the revived corporation as in effect having been in continuous existence during forfeiture. Defendants, answering, invite the Court's attention to *Psychic Research and Development Institute of Maryland, Inc. v. Gutbrodt,* 46 Md.App. 21, 415 A.2d 611 (1980). In that case, the Maryland Court of Special Appeals cites § 3–513(2) of the Corporations and Associations Article of the *Maryland Code,* which provides that upon revival of corporate existence, "(a)ll the assets and rights of corporation, *except those sold or those of which it was divested while the charter was void,* are restored to the corporation to the same extent that they were held by the corporation before the expiration or forfeiture of the charter." (Emphasis in original) 46 Md.App. at 26, 415 A.2d 611. *Psychic Research* involved a testamentary bequest to a corporation that was required under the terms of the will to be "in existence" at the time of testatrix's death, otherwise the residual estate would pass to the testatrix's mother. The corporation's charter was in fact forfeit as of the time of decedent's death so that the corporation attempted to file Articles of Revival in order to claim the bequest. The Court of Special Appeals rejected the effort, saying:

> The Articles of Revival can spontaneously generate life in a dead corporation, but they cannot restore to it rights that passed to others during the period of the corporate abiosis. The subsequent revival of Psychic did not again vest property and rights in the corporation which were divested during the period of forfeiture.

46 Md.App. at 28, 415 A.2d 611.

The Court thus held that the intervening right of the mother took precedence over the claim of the revived corporation.

---

2. A Certificate of Good Standing from the Maryland State Department of Assessments and Taxation, dated October 27, 1994, is appended to this Opinion. The Certificate was furnished to the Court by Plaintiff's counsel by letter dated November 2, 1994. That letter, it should be noted, does not show that a copy of either the correspondence or the attached Certificate were served on defense counsel, as required by Federal Rule of Civil Procedure 5 and Local Rule 102.1.c.

The Court in the present case perceives no material difference between inheritance rights that vest in an alternate beneficiary when a corporate beneficiary's charter is forfeit and the right of a defendant to claim the benefit of a limitations defense that accrues while a corporation's charter is in similar status. In the terminology of Section 3–513(2) of the Corporations and Associations Article, Plaintiff T–J Siding was "divested" of the right to continue the suit during the time its charter was inoperative. The right was not revested when the corporation revived. Accordingly, the Court holds that Plaintiff's action is barred by the applicable statute of limitations and the suit must be dismissed.

A separate Order implementing this Opinion will be filed.

### FINAL ORDER

Upon consideration of Defendants' Motion to Dismiss and Plaintiff's Opposition thereto, it is for the reasons set forth in the Court's Opinion of even date, this 18th day of November, 1994

ORDERED that Defendants' Motion is hereby GRANTED; and it is further

ORDERED that final judgment is hereby entered in favor of Defendant and against Plaintiff.

APPENDIX

# STATE OF MARYLAND
322976

# DEPARTMENT OF
# ASSESSMENTS AND TAXATION

*301 West Preston Street Baltimore, Maryland 21201*

I, NANCY GRUENINGER OF THE STATE DEPARTMENT OF ASSESSMENTS AND TAXATION OF THE STATE OF MARYLAND, DO HEREBY CERTIFY THAT SAID DEPARTMENT, BY THE LAWS OF SAID STATE, IS THE CUSTODIAN OF THE RECORDS OF THIS STATE RELATING TO THE FORFEITURE OR SUSPENSION OF CORPORATE CHARTERS, OR OF CORPORATIONS TO TRANSACT BUSINESS IN THIS STATE; AND I AM THE PROPER OFFICER TO EXECUTE THIS CERTIFICATE.

I FURTHER CERTIFY THAT T-J SIDING CONTRACTORS INCORPORATED IS A CORPORATION DULY INCORPORATED AND EXISTING UNDER AND BY VIRTUE OF THE LAWS OF MARYLAND AND SAID CORPORATION HAS FILED ALL ANNUAL REPORTS REQUIRED, HAS NO OUTSTANDING LATE FILING PENALTIES ON THOSE REPORTS, AND HAS A RESIDENT AGENT. THEREFORE, THE CORPORATION IS AT THE TIME OF THIS CERTIFICATE IN GOOD STANDING WITH THIS DEPARTMENT AND DULY AUTHORIZED TO EXERCISE ALL THE POWERS RECITED IN ITS CHARTER OR CERTIFICATE OF INCORPORATION, AND TO TRANSACT BUSINESS IN THE STATE OF MARYLAND.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED THE SEAL OF THE STATE DEPARTMENT OF ASSESSMENTS AND TAXATION OF MARYLAND AT BALTIMORE THIS 27TH DAY OF OCTOBER, 1994.

NANCY GRUENINGER
ADMINISTRATIVE OFFICER

ATS—031