952 A.2d 357

HILL CONSTRUCTION

v.

SUNRISE BEACH, LLC.

No. 1230, Sept. Term, 2007.

Court of Special Appeals of Maryland.

July 2, 2008.

Ramsay M. Whitworth (Kenneth R. Rhoad, Gebhardt & Smith LLP on the brief), Baltimore, for Appellant.

Bruce F. Bright (Guy Ayres, III, Ayres, Jenkins, Gordy & Almand, PA on the brief), Ocean City, for Appellee.

Panel: JAMES R. EYLER, BARBERA and WOODWARD, JJ.

JAMES R. EYLER, Judge.

This case has a long history but we need not go into great detail because we need only to explain why we are dismissing the appeal. Hill Construction Company, Inc., a Maryland corporation, appellant, filed a complaint in the Circuit Court for Worcester County against Sunrise Beach, LLC ("the LLC"), Gerald T. Day ("Day"), and J. Wesley Hughes ("Hughes"), appellees. The circuit court entered judgment in favor of appellees on the ground that appellant's corporate charter had been forfeited, and thus, it had no standing to maintain the suit. Appellees have filed a motion to dismiss the appeal on the ground that, because appellant's charter was forfeited when it noted an appeal, the notice of appeal was a nullity. We agree and, consequently, shall dismiss the appeal.

### Factual Background

On November 1, 2001, appellant entered into an agreement with Day, Hughes, and the LLC, pursuant to which appellant became a member of the LLC. Prior to that time, Day, Hughes, and Donald C. Hoen were the members of the LLC, with Day owning a 52% interest, Hughes owning an 8% interest, and Hoen owning a 40% interest. Also prior to November 1, 2001, Hoen had transferred his interest in the LLC to Day. Pursuant to the November agreement, Day transferred a 40% interest in the LLC to appellant, in ex-

change for appellant's agreement to construct a project in Ocean City, known as Sunset Beach, on a cost basis. The project, consisting of four condominium units, was to be completed by June 1, 2002. Upon the sale of all four units, the profits were to be divided among the members of the LLC, as stated in the November 1 agreement. Pursuant to a preexisting operating agreement, Day was the general manager of the LLC. At all relevant times, Mark Hill was appellant's president, sole shareholder, and sole director.

Appellant did not complete the project by June 1, 2002, but by March, 2003, appellant had substantially completed the project. In May, 2003, a certificate of occupancy was issued. Subsequently, all four units were sold, one of them to Day.

A dispute arose between the members of the LLC with respect to the timeliness of the work by appellant, a need for further work by others, after March, 2003, to complete the project, the propriety of the sale of the unit to Day, and the distribution of profits.

On November 18, 2003, appellant filed its complaint, containing various counts, in which it alleged breach of contract, breach of fiduciary duty, fraud, conversion, fraudulent conveyance, and civil conspiracy. Appellant sought a constructive trust, an accounting, and compensatory, restitutionary, and punitive damages. During the course of the litigation, the court entered partial summary judgment in favor of appellees with respect to some of the counts and some of the damage claims.

On October 8, 2004, appellant's charter was forfeited by the Comptroller of the Treasury, for nonpayment of personal property taxes. On September 18, 2006, appellees filed a motion to dismiss based on the status of appellant's charter. On February 14, 2007, the court granted appellees' motion to dismiss based on the forfeiture of the charter and the consequent lack of standing by appellant to maintain the suit.

On July 24, 2007, appellant noted an appeal to this Court. Appellant raises eight contentions which, in essence, are that

the court erred in granting appellees' motion to dismiss and erred in its prior partial summary judgment rulings.

Appellees, in addition to responding to the merits of appellants' contentions, have moved to dismiss the appeal based on the forfeiture of the charter.

According to documents contained in the appendix to appellant's reply brief, on April 29, 2008, appellant filed articles of revival and reinstated its charter.

## Discussion

■ As indicated above, we shall dismiss the appeal, but in doing so, we shall also address appellant's first contention, whether the circuit court erred in dismissing the complaint because appellant's charter had been forfeited. The circuit court, in dismissing the complaint, considered matters outside of the complaint, and thus, as appellant expressly recognizes, the dismissal was in fact a summary judgment. *See* Maryland Rule 2–322(c). In order to determine whether the appeal is viable, it is necessary for us to go outside of the complaint as well, and thus, we shall review the propriety of the entry of summary judgment.

In reviewing the grant of summary judgment, we determine whether there is a genuine dispute of material facts or reasonable inferences that may be drawn from those facts. *Dashiell v. Meeks,* 396 Md. 149, 163, 913 A.2d 10 (2006). If no such dispute exists, we determine the issue of law. *Id.*

It is undisputed that appellant's charter was forfeited on October 8, 2004. While acknowledging that appellant could not initiate a lawsuit while its charter was forfeited, appellant argues that there is no authority that a corporation cannot maintain an action, initiated when its charter was in good standing but forfeited during the pendency of the litigation, relying primarily on Maryland Code (2007 Repl.Vol.), § 3–515 of the Corporations & Associations Article ("C.A."). Based on that section, appellant contends that Mark Hill, as a director

winding up the affairs of the corporation, can maintain the suit, including this appeal.

Section 3–515 provides:

(a) When the charter of a Maryland corporation has been forfeited, until a court appoints a receiver, the directors of the corporation become the trustees of its assets for purposes of liquidation.

(b) The director-trustees are vested in their capacity as trustees with full title to all the assets of the corporation. They shall:

(1) Collect and distribute the assets, applying them to the payment, satisfaction, and discharge of existing debts and obligations of the corporation, including necessary expenses of liquidation; and

(2) Distribute the remaining assets among the stockholders.

(c) The director-trustees may:

(1) Carry out the contracts of the corporation;

(2) Sell all or any part of the assets of the corporation at public or private sale;

(3) Sue or be sued in their own names as trustees or in the name of the corporation; and

(4) Do all other acts consistent with law and the charter of the corporation necessary or proper to liquidate the corporation and wind up its affairs.

(d) The director-trustees govern by majority vote.

Three other statutory provisions are relevant to our analysis, and thus, we shall briefly discuss them at this time. Section 3–503(d) provides that when the charter of a corporation is forfeited, "the powers conferred by law on the corporation[ ] are inoperative, null, and void...." Section 3–507 provides that the charter of a corporation which has been forfeited may be revived upon compliance with certain procedures. Section 3–512 provides that,

... the revival of a corporation's charter under § 3–507 of this subtitle has the following effects:

(1) If otherwise done within the scope of its charter, all contracts or other acts done in the name of the corporation while the charter was void are validated, and the corporation is liable for them; and

(2) All the assets and rights of the corporation, except those sold or those of which it was otherwise divested while the charter was void, are restored to the corporation to the same extent that they were held by the corporation before the expiration or forfeiture of the charter.

Appellant argues that, historically, the law recognized a distinction between the initiation of a law suit and the maintenance of a law suit by a corporation that has had its charter forfeited. Appellant, citing former Maryland Rule 222, former Maryland Code (1957) Article 23, § 82(a), and cases decided before and after the repeal of those provisions, contends that C.A. § 3–515 incorporates the underlying purpose of former Rule 222 and former Article 23, § 82(a) and that Mark Hill must be permitted to maintain this law suit to liquidate appellant's assets.

We shall set forth the relevant history of C.A. § 3–515, Rule 222, and Article 23, § 82(a) and, for completeness of analysis, do the same for C.A. § 3–512. It is important to bear in mind that, from time to time, the law has changed substantively and, in addition, the organization and relative placement of various provisions in the Maryland Code have changed. For example, sometimes forfeiture of a corporate charter for nonpayment of taxes has been addressed separately from forfeiture for other reasons. There has always been a distinction between voluntary or involuntary dissolution and forfeiture, but the statutory provisions have not always addressed each separately and consistently.[1]

---

1. In the 2007 Repl.Vol. of the C.A. Article, the structure is as follows. Title 3, subtitle 4 addresses dissolution. In that subtitle, § 3–410 addresses the powers of directors in voluntary dissolution. Its provisions are substantively the same as § 3–515. Title 3, subtitle 5 addresses forfeiture and revival of charters. Section 3–503 addresses forfeiture for nonpayment of taxes and failure to file reports. Section 3–513

Appellant argues that C.A. § 3–515 is a successor to Article 23, § 82(a) and Rule 222. Article 23, § 82(a) in the 1957 Code, as it existed prior to 1975, and which was substantively the same as Article 23, § 78 in the 1951 Code,[2] provided:

The dissolution of a corporation shall not relieve its stockholders, directors, or officers from any obligations and liabilities imposed on them by law; nor shall such dissolution abate any pending suit or procedure by or against the corporation and all such suits may be continued with such substitution of parties, if any, as the court directs. The provisions of this section shall be retroactive so as to apply to any dissolution occurring prior to June 1, 1963.

In the 1957 Code, this section was part of the subtitle which addressed dissolution. It was not part of the separate subtitle which addressed forfeiture and revival. In this same time period, Article 23, § 84 addressed forfeiture of corporate charters for misuse or abuse of powers, but Article 81, § 204 addressed forfeiture of corporate charters for nonpayment of taxes. Article 81 contained no provision similar to Article 23, § 82(a). Article 23, § 82(a) was repealed in 1975 when the C.A. Article was enacted. *See* Laws of Maryland 1975, chapter 311. The substance of present CA § 3–515 was not part of the law at that time. Later in 1975, §§ 3–516 through 3–519 were added to the C.A. Article. *See* Laws of Maryland 1975, chapter 506. Section 3–516, as then enacted, is substantively the same as present § 3–515.

Rule 222 tracked the language in Article 23, § 82(a) and its predecessor and provided that dissolution of a corporation would not abate a pending suit but would continue with such substitution of parties as may be directed by the court. Rule 222 was repealed in 1985 as part of major changes to the Maryland Rules. Its successor, although substantively differ-

---

addresses forfeiture for misuse of powers. Sections 3–507 through 3–510 address revival, and § 3–512 addresses the effect of revival.

**2.** The last sentence addressing retroactivity did not appear in the 1951 Code.

ent, appears in Rule 2–241(a). Unlike former Rule 222, present Rule 2–241(a) provides, in pertinent part:

(a) **Substitution** The proper person may be substituted for a party who

(1) dies, if the action survives,

(2) becomes incompetent,

(3) transfers an interest in the action, whether voluntarily or involuntarily,

(4) *if a corporation, dissolves, forfeits its charter, merges, or consolidates,*

(5) if a public officer, ceases to hold office, or

(6) if a guardian, personal representative, receiver, or trustee, resigns, is removed, or dies.

(b) **Procedure** Any party to the action, any other person affected by the action, the successors or representatives of the party, or the court may file a notice in the action substituting the proper person as a party.

\* \* \*

(d) **Failure to Substitute** If substitution is not made as provided in this Rule, the court may dismiss the action, continue the trial or hearing, or take such other action as justice may require.

(Emphasis added)..

The current Rule requires a substitution and, if not made, authorizes a court to dismiss the action.

With respect to appellant's argument under C.A. § 3–515, accepting the premise that it permits maintenance of a suit by the directors of a corporation after forfeiture of its charter, it is "for purposes of liquidation." C.A. § 3–515(a). The directors do not become trustees for the purpose of continuing to operate the business. *Compare* C.A. § 3–514(a) ("Any person who transacts business in the name or for the account of a corporation knowing that its charter has been forfeited and has not been revived is guilty of a misdemeanor and on conviction is subject to fine of not more than $500".).

The result in this case is controlled by the Court of Appeals' decision in *Dual, Inc. v. Lockheed Martin,* 383 Md. 151, 857 A.2d 1095 (2004). In that case, the charter of Dual, Inc. was forfeited. While forfeited, Dual filed a complaint in the name of the corporation and in his name as president and sole shareholder. The charter was later revived, after limitations had run, and the question was whether the relation back doctrine operated to save the suit. The Court held that the complaint was a nullity when filed and ineffective for purposes of tolling the statute of limitations. *Id.* at 163, 857 A.2d 1095. The Court noted that all powers of the corporation were extinguished when the charter was forfeited, citing C.A. § 2–103(2) (powers of corporation include right to sue and be sued); § 3–503(d) (powers of corporation after charter forfeited "inoperative, null and void"); and *Stein v. Smith,* 358 Md. 670, 675, 751 A.2d 504 (2000) (upon forfeiture of charter, a corporation loses the power to sue).

In response to Dual's argument that he was proceeding as a trustee under C.A. § 3–515, the Court noted there was no allegation of that fact, and moreover, the record indicated that the corporation was in fact doing business. *Dual,* 383 Md. at 164, 857 A.2d 1095. The same is true in the case before us.

In this case, the corporation brought suit in its own name. It alleged that it "is primarily engaged in the business of commercial construction, development and contracting...." The complaint was never amended, and thus, there is no allegation that Mark Hill is winding up the affairs of the corporation. In fact, the record is to the contrary.

On July 13, 2006, appellant filed a voluntary petition in bankruptcy under chapter 11, to reorganize, not to liquidate. On September 12, 2006, the bankruptcy court dismissed the petition for failure to make required filings. In October, 2006, in a response to appellees' motion to dismiss, appellant stated that it intended to revive its charter prior to a hearing on the motion. That was not done, and at the hearing on the motion, on November 29, 2006, appellant stated that it intended to revive its charter by the end of the year. That was not done,

and as stated above, in February, 2007, the court dismissed the complaint. There was no representation that Mark Hill was winding up the affairs of the corporation. Moreover, in the deposition of Mark Hill, taken on February 4, 2005, he testified that, while appellant was "pretty much" out of business, he stated, "I mean, we're still up and running, I mean, still a company." Subsequent to the above, on April 29, 2008, appellant's charter was revived.

As was true in *Dual,* on this record, the case before us does not come within C.A. § 3–515. In order for C.A. § 3–515 to apply, the facts must fit within it, and that is true whether the question is initiation of a law suit or the maintenance of a law suit. In either situation, when the corporation's charter is forfeited, it loses all powers and its actions are null and void. The directors become trustees of its assets only for the purpose of liquidating and winding up its affairs. Consequently, the notice of appeal filed by appellant had no legal force and effect.

Had the charter been revived prior to filing the notice of appeal but after dismissal of the case, the notice of appeal would have been valid but the ultimate result would be the same. In that situation, we would affirm the circuit court's judgment on the same ground as was stated above—the failure to bring the case within C.A. § 3–515 and Rule 2–241(a).

The cases relied on by appellant are not inconsistent with Dual and the result in this case. *See Stein,* 358 Md. at 677, 751 A.2d 504 (after charter forfeited, corporation filed suit; amended complaint by shareholder did not relate back; C.A. § 3–515 did not apply because the suit was not an asset of the corporation and the shareholder did not sue as sole director-trustee); *Gibraltar Construction & Engineering, Inc. v. State National Bank of Bethesda,* 265 Md. 530, 536, 290 A.2d 789 (1972) (Article 23, § 82(a) applicable only to domestic corporations); *Parkside Terrace Apartments v. Lindner,* 252 Md. 271, 274, 249 A.2d 717 (1969) (plaintiff corporation voluntarily dissolved and then filed a suit; reliance on former Rule 222

and Art. 23, § 82(a) misplaced because power to sue had been extinguished prior to filing suit, and suit not brought by directors pursuant to Art. 23, § 78). *Kroop & Kurland, P.A. v. Lambros,* 118 Md.App. 651, 665–66, 703 A.2d 1287 (1998) (notice of renewal of a judgment filed after the judgment creditor's corporate charter had been forfeited was null and void; the judgment lien expired 12 years after its entry, and later revival of charter did not resurrect the lien); *Baltimore Luggage Co.v. Holtzman,* 80 Md.App. 282, 285, 301, 562 A.2d 1286 (1989) (status of corporation unclear after transfer of its assets and liabilities; treated as a voluntary dissolution under C.A. § 3–410).

■ Finally, we address the fact that appellant revived its charter during the pendency of this appeal. The decision in *Redwood Hotel v. Korbien,* 197 Md. 514, 521, 80 A.2d 28 (1951), decided under Maryland Code (1939, Supp.1947), Article 81, § 153, suggests that the appeal is viable. In our view, that decision is no longer good law.

Article 81, § 153(e), in the 1939 Code, provided that, after forfeiture of a corporate charter for nonpayment of taxes and subsequent revival:

(e) Such revival of the charter of the corporation shall validate all contracts, acts, matters and things made, done and performed within the scope of its charter by such corporation, its officers and agents during the time when such charter was void, with the same force and effect and to all intents and purposes as if said charter had at all times remained in full force and effect; and all real and personal property, rights and credit of said corporation at the time its charter became void *and which were not disposed of* prior to the time of such revival shall be vested in such corporation, after such revival, as fully and amply as they were held by said corporation at and before the time its charter became void, and said corporation after such revival shall be as exclusively liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to such reinstatement,

as if its charter had at all times remained in full force and effect.

(Emphasis added).

In the 1951 Code, the successor provision appeared in Article 23, § 81(d). The language was the same except that, instead of the italicized words above, § 81(d) contained the words "and of which it was not divested." In the 1957 Code, the successor to § 81(d), without substantive change, appeared at Article 23, § 85(d). In 1975, as part of the enactment of the C.A. Article, § 3–512 was enacted,[3] containing the same language as today.

Section 3–512 does not validate corporate action taken during forfeiture of its charter, which action was a nullity, if the corporation's right to take action was divested while the charter was forfeited. This was not part of the law in 1951, when *Redwood Hotel* was decided. Given the numerous decisions since 1951 holding that an act by a corporation while its charter is forfeited is null and void, and given the decisions holding that a subsequent act after the charter has been revived do not relate back to cure the loss of a right divested during the time that the charter was forfeited, *see Dual, Inc.,* 383 Md. at 163, 857 A.2d 1095; *Stein,* 358 Md. at 676–79, 751 A.2d 504; *Kroop & Kurland, P.A.,* 118 Md.App. at 667, 703 A.2d 1287, we conclude that revival of the charter pending appeal would not save the appeal. In that scenario, the filing of the notice of appeal was a nullity, and while the charter was forfeited, the time for noting a valid appeal expired, and the right was lost.

**APPEAL DISMISSED. COSTS TO BE PAID BY APPELLANT.**

---

3. Originally, § 3–512 appeared as § 3–513. It was later renumbered.