993 A.2d 146

TRI–COUNTY UNLIMITED, INC.

v.

KIDS FIRST SWIM SCHOOL, INC., et al.

No. 0004 Sept.Term, 2009.

Court of Special Appeals of Maryland.

March 31, 2010.

614

Stanley Alpert, Baltimore, MD, for Appellant.

Lawrence A. Melfa (Samuel Grant, Francomano, Butler, Melfa, on the brief), Towson, MD, for Appellees.

Panel: JAMES P. SALMON,* WRIGHT and KEHOE, JJ.

WRIGHT, Judge.

Appellant, Tri–County Unlimited, Inc. ("Tri–County"), brought suit in the Circuit Court for Howard County against appellees, Kids First Swim School, Inc. and Gary Roth (collec-

---

* James P. Salmon, J., participated in the hearing and conference of this case while an active member of this Court; he participated in the adoption of this opinion as a specially assigned member of this Court.

tively, "appellees"), alleging that it was owed for labor and materials expended in fulfilling its contractual obligations to build a swimming pool. Appellees filed an answer and a counterclaim.

On January 20, 2009, the scheduled trial date, appellees filed a motion to dismiss, in which they alleged that Tri–County was legally incapable of filing suit because its corporate charter had been forfeited at the time it filed the lawsuit. On the same day, the court heard argument regarding the motion to dismiss, during which Tri–County argued that its charter had been revived, thus restoring its right to sue retroactively. The court, in entering judgment in favor of appellees, granted the motion and dismissed Tri–County's complaint without prejudice. In so doing, the court found that Tri–County's charter had been forfeited at the time it filed suit and that subsequent revival of the charter did not restore the suit. After the court denied its motion for reconsideration, Tri–County noted this appeal, presenting two questions for our review:

I. Did the Circuit Court err in dismissing Appellant's suit because the Appellant's corporate charter had been forfeited at the time the suit was filed, and holding that the subsequent revival of that charter was of no effect in restoring appellant's right to sue?

II. Did the Circuit Court err in granting Appellees' Motion to Dismiss because it considered evidence outside the pleadings but failed to treat the motion as a motion for summary judgment and afford Appellant the opportunity to properly prepare for a summary judgment motion?

Appellees present two additional questions to this Court, and argue that the circuit court's order could also be affirmed because: 1) three of the counts alleged are "defective as a matter of law"; and 2) there is a "written change order provision" in the contract. We conclude that the circuit court did not err when it granted judgment in favor of appellees on the grounds that Tri–County's charter was forfeited at the time it filed suit and did not err in ruling on the motion to

dismiss after the parties supplemented the allegations in the complaint. We shall affirm the judgment of the circuit court.

## FACTS AND PROCEEDINGS

This case arises from a dispute regarding two contracts between Tri–County and appellees, wherein the parties agreed that Tri–County would install a 30′ × 50′ rectangular swimming pool, complete with an interior build-out of the premises leased to appellees. Tri–County alleges that appellees owe money for labor and materials that Tri–County expended in fulfillment of its contractual obligations. On October 5, 2007, Tri–County's corporate charter was forfeited. On November 9, 2007, Tri–County filed a petition for mechanic's lien.[1] On April 3, 2008, Tri–County filed an amended complaint for breach of contract, quantum meruit, unjust enrichment, and promissory estoppel. On January 4, 2008, appellees filed a counterclaim.

The parties appeared before the circuit court for trial on January 20, 2009. On that day, appellees filed a motion to dismiss with the court.[2] Appellees also filed a motion for summary judgment which incorporated the motion to dismiss by reference. The court suggested that it hear argument on the motion to dismiss first. Appellees argued that Tri–County lacked the capacity to bring suit because its charter had been forfeited at the time the suit was filed. Tri–County countered that its charter was revived on January 15, 2009. The court marked, as joint exhibits, two printouts from the State Department of Assessment and Taxation ("SDAT"). The first exhibit was a certificate from SDAT, dated January 15, 2009, which stated that Tri–County was a corporation in good standing and duly authorized to exercise all powers recited in its charter. The second exhibit was a printout from SDAT's

---

1. The petition for mechanic's lien was filed by prior counsel for Tri–County.

2. The certificate of service indicates a facsimile transmittal to Tri–County's counsel on January 15, 2009, but the motion was not filed with the court until the day of trial.

website, dated January 20, 2009, which stated that Tri–County revived its charter on January 15, 2009, but was not in good standing.

■ The court granted appellees' motion to dismiss at the conclusion of the argument. In so doing, the court indicated that it was relying upon the grounds of failure to state a claim for which relief could be granted under Maryland Rule 2–322(b). Citing *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 857 A.2d 1095 (2004), and *Stein v. Smith,* 358 Md. 670, 751 A.2d 504 (2000), as support, the court stated:

> [T]his case was filed in the name of a corporate entity whose charter had been forfeited at the time it was filed and remained forfeited until January 15th of 2009, just a couple of days ago; . . . . [ ] So, what we have here is a situation where [Tri–County] did not exist, was not a legal entity when it filed the lawsuit. . . .

The court also remarked: "[I]t's fortuitous, perhaps, for [Tri–County], at least, that limitations have not yet expired and that this case can be righted through the filing of a new complaint. . . ." [3] The court then dismissed the complaint without prejudice [4] and reiterated that Tri–County would be "free to re-file when they feel it's appropriate." As a result of the ruling, appellees voluntarily dismissed their counterclaim.

## STANDARD OF REVIEW

■ Maryland Rule 2–322(b) states:

**Permissive.** The following defenses may be made by motion to dismiss filed before the answer, if an answer is

---

**3.** The court refers to Tri–County's amended complaint. Tri–County originally filed a petition for mechanic's lien. A mechanic's lien must be filed within 180 days after the work has been finished or materials furnished. Md.Code (1974, 2003 Repl. Vol.), Real Property Article § 9–105(a).

**4.** The circuit court dismissed the complaint without prejudice, but did not expressly grant leave to amend. An order of dismissal that expressly grants leave to amend is not immediately appealable. *N. Am. Specialty Ins. Co. v. Boston Med. Group,* 170 Md.App. 128, 145, 906 A.2d 1042 (2006).

required: (1) lack of jurisdiction over the subject matter, (2) failure to state a claim upon which relief can be granted, . . . If not so made, these defenses and objections may be made in the answer, or in any other appropriate manner after the answer is filed.

Maryland Rule 2–322(c) further states, "a court may defer the determination of the defense of failure to state a claim upon which relief can be granted until the trial." In reviewing the disposition of a motion to dismiss, the reviewing court must assume the truth of all relevant and material facts that are well pleaded and of all inferences which can be reasonably drawn therefrom. *Pendleton v. State*, 398 Md. 447, 459, 921 A.2d 196 (2007) (citations omitted). When a party seeks a dismissal on the ground that the complaint fails to state a claim upon which relief can be granted, the party is asserting that, even if the allegations are true, the opposing party is not entitled to relief as a matter of law. *Lubore v. RPM Assocs.*, 109 Md.App. 312, 322, 674 A.2d 547 (1996).

The record in this case indicates that the parties stipulated that Tri–County's corporate charter was forfeited on the date it filed suit against appellees. The parties introduced two joint SDAT exhibits to that effect. Ordinarily, if the circuit court considers matters outside of the pleadings in considering a motion to dismiss, it must treat the motion as a motion for summary judgment. *Dual, supra*, 383 Md. at 165, 857 A.2d 1095. Maryland Rule 2–322(c) states:

If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 2–501, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 2–501.

The circuit court did not treat the motion to dismiss as a motion for summary judgment.[5] Because the parties do not

---

5. It should be noted here that appellees did file a motion for summary judgment, which incorporated the motion to dismiss by reference. The

dispute that Tri–County's charter was forfeited when it filed suit, we will regard that additional information as supplementary to the allegations in the complaint and shall "consider the relevant facts pled in the complaint, as so supplemented." *Smith v. Danielczyk,* 400 Md. 98, 105, 928 A.2d 795 (2007) (citation omitted).[6] We therefore review the court's ruling under the motion to dismiss standard.

## DISCUSSION

### I.

■ The record reveals that Tri–County's charter was forfeited on October 5, 2007, and was not revived until January 15, 2009. Tri–County filed a petition for mechanic's lien on November 9, 2007, and filed an amended complaint on April 3, 2008. Tri–County does not dispute that its charter was forfeited at the time it initiated suit against appellees. In-

---

court orally granted the motion to dismiss on January 20, 2009, but a written order to that effect was not signed until July 2, 2009.

6. In *Smith, supra,* 400 Md. at 103, 928 A.2d 795, appellants filed suit against appellees for defamation. Appellees filed a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* at 104, 928 A.2d 795. However, "appellees made certain factual averments in the memorandum they filed in support of their motion and attached as exhibits ... copies of [certain documents]." *Id.* And, in responding to appellees motion to dismiss, appellants "alleged additional facts that were not mentioned in the complaint." *Id.*

The circuit court dismissed the complaint, but did not indicate whether it considered the extraneous materials. *Id.* at 104–05, 928 A.2d 795. The Court of Appeals stated that it would therefore assume that the extraneous materials *"were* considered" by the circuit court. *Id.* at 105, 928 A.2d 795 (emphasis in original). The Court then commented that, under these circumstances, it would "[o]rdinarily" review the circuit court's ruling under a motion for summary judgment standard pursuant to the Maryland Rules. *Id.* at 105, 928 A.2d 795. However, the Court stated: "Because there seems to be no dispute regarding the extraneous material appended to appellees' motion to dismiss and none of the relevant factual averments by appellees ... or ... appellants ... were controverted, we shall regard the exhibits and additional averments as simply supplementing the allegations in the complaint and consider the relevant facts pled in the complaint, as so supplemented." *Id.* (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993)).

stead, Tri–County argues that, although it is generally true that a complaint filed by a forfeited corporation is a nullity, its right to sue was restored by the revival of its corporate charter; and therefore, its complaint is retroactively valid.

■ Maryland Code (1975, 2007 Repl. Vol.), Corporations & Associations Article ("CA"), § 3–503(d) states that, after SDAT has declared a corporate charter forfeited, "the powers conferred by law on the corporation[ ] are inoperative, null and void. . . ." *See also Dual, supra,* 383 Md. at 163, 857 A.2d 1095 (stating that upon forfeiture of the corporate charter, a corporation loses the power to sue) (citing *Stein, supra,* 358 Md. at 675, 751 A.2d 504). If and when a corporation revives its charter, the revival of it has the following effect:

All the assets and rights of the corporation, except those sold or those of which it was otherwise divested while the charter was void, are restored to the corporation to the same extent that they were held by the corporation before the expiration or forfeiture of the charter.

CA § 3–512. The revival of a corporate charter, therefore, brings the corporation back to life, and restores its rights as if they had never been lost. *See, e.g., Arnold Developer, Inc. v. Collins,* 318 Md. 259, 265–66, 567 A.2d 949 (1990) (finding clear legislative intent to restore all rights "as fully as they were enjoyed and held at the time of forfeiture.").

■ Tri–County is correct in its broad statement that the revival of a corporation's charter restores its right to sue. Tri–County certainly has the right to initiate a lawsuit now that its charter has been revived and it is a legal entity; in fact, the circuit court instructed Tri–County to re-file its complaint. The fact that a corporation's right to sue is restored upon revival of its charter, however, is not enough to answer the real question before this Court: whether a corporation can validate a lawsuit that it initiated when its charter was forfeited—and therefore, it legally did not exist—by reviving its charter. After a review of relevant case law, we conclude that the answer is no. We explain.

In *Dual,* one of the cases relied upon by the circuit court, Dual filed suit at a time when its corporate charter was forfeited. 383 Md. at 158, 857 A.2d 1095. One year later, and after reviving its corporate charter, Dual filed an amended complaint against Lockheed Martin. *Id.* Lockheed Martin filed a motion to dismiss, arguing that the initial complaint was a nullity because it was filed on behalf of a defunct corporation, and that the statute of limitations expired prior to the filing of the amended complaint. *Id.* at 160, 857 A.2d 1095. The circuit court agreed that the initial complaint was invalid and that the amended complaint was barred by the statute of limitations. The Court of Appeals affirmed, stating: "We hold that the initial complaint filed in this case was a nullity and therefore ineffective for purposes of tolling the statute of limitations." *Id.* at 162–63, 857 A.2d 1095. The Court repeats several times that Dual's original complaint was a nullity. *See id.* at 163, 857 A.2d 1095 ("[t]herefore, generally any suit filed on behalf of Dual, Inc. while its charter was forfeit, was a nullity as a matter of law") (citing *Stein, supra,* 358 Md. at 675, 751 A.2d 504); *id.* at 166, 857 A.2d 1095 ("[b]ecause Dual's [initial] complaint was a nullity, however, no cause of action repeated in Dual Inc.'s [ ] amended complaint may relate back to the original complaint. . . .").

Tri–County presents a spirited argument that *Dual* and *Stein* stand only for the proposition that revival of a corporate charter does not restore rights that were divested during the period forfeiture, such as the divestiture of the right to sue by operation of the statute of limitations; divestiture of the right to appeal, *Hill Constr. v. Sunrise Beach, LLC,* 180 Md.App. 626, 635, 952 A.2d 357, *cert. denied,* 406 Md. 192, 957 A.2d 999 (2008); or the right to property or assets which were passed to a different entity during forfeiture. *Cloverfields Improvement Ass'n v. Seabreeze Props., Inc.,* 280 Md. 382, 405, 373 A.2d 935 (1977); *Psychic Research & Dev. Inst. of Md., Inc. v. Gutbrodt,* 46 Md.App. 21, 26–27, 415 A.2d 611 (1980). We disagree.

In its holding, the *Dual* Court unequivocally stated that a complaint filed by a defunct corporation is a nullity as a

matter of law. Indeed, this seems to be a tacit assumption underpinning several other appellate opinions. *See Stein, supra,* 358 Md. at 675, 751 A.2d 504; *see also Pines Point Marina v. Rehak,* 406 Md. 613, 621, 961 A.2d 574 (2008) ("[appellant] acknowledges that . . . once a corporation forfeits its corporate charter," it loses the right to sue); *Hill, supra,* 180 Md.App. at 630, 952 A.2d 357 ("[w]hile acknowledging that appellant could not initiate a lawsuit while its charter was forfeited, appellant argues. . . ."). It is of no consequence that, after the Court in *Dual* stated that a complaint filed by a defunct corporation is a nullity, it went on to decide that the nullity renders the complaint ineffective for limitations purposes. Tri–County's interpretation of *Dual*—that a complaint filed by a defunct corporation will only be considered a nullity if there is a statute of limitations issue—is incorrect and contradicts the plain language of the *Dual* Court's holding.

Furthermore, Tri–County's reliance upon *Chrysler Credit Corp. v. Superior Dodge Inc.,* 538 F.2d 616 (4th Cir.1976), is misplaced because the Maryland case upon which *Chrysler Credit* relied is no longer good law. In *Chrysler Credit,* the district court granted Chrysler's motion for JNOV against Superior Dodge, on the grounds that its corporate charter had been revoked. *Id.* at 617. Relying upon the Court of Appeals' ruling in *Redwood Hotel, Inc. v. Korbien,* 197 Md. 514, 80 A.2d 28 (1951), the Fourth Circuit reversed. *Chrysler Credit, supra,* 538 F.2d at 618. In *Redwood Hotel,* the hotel's corporate charter had been forfeited in November 1949. *Redwood Hotel, supra,* 197 Md. at 521, 80 A.2d 28. In 1950, the hotel filed a suit in equity, which was dismissed for reasons other than the corporation's lack of standing. The hotel revived its charter while its appeal from the order was pending. *Id.* Korbien moved to dismiss the appeal, but the Court denied the motion because the hotel's right to sue was restored upon revival of its charter. *Id.*

Whatever the implications of *Redwood Hotel* may have been, this Court recently stated that the *Redwood Hotel* decision "is no longer good law." *Hill, supra,* 180 Md.App. at

637, 952 A.2d 357. In the *Hill* case, Hill filed a complaint against Sunrise Beach on November 3, 2003. *Id.* at 629, 952 A.2d 357. On October 4, 2008, Hill's charter was forfeited. *Id.* The circuit court entered judgment in favor of Sunrise Beach based on the forfeiture of the charter. Hill noted an appeal on July 24, 2007, but did not revive its charter until April 29, 2008. *Id.* at 629–30, 952 A.2d 357. Sunrise Beach filed a motion to dismiss the appeal, arguing that the notice of appeal was a nullity because it was filed when Hill's charter was forfeited. *Id.* at 628, 952 A.2d 357. This Court agreed and dismissed the appeal, "[g]iven the numerous decisions since 1951 holding that an act by a corporation while its charter is forfeited is null and void...." *Id.* at 638, 952 A.2d 357. The same logic applies here. Tri–County filed suit when its charter was forfeited, and therefore, the complaint is null and void.

## II.

 Tri–County alleges that the circuit court erred when it considered matters outside of the pleadings but failed to treat the matter as a motion for summary judgment and afford the parties a reasonable opportunity to present all material made pertinent to such a motion by Maryland Rule 2–501. *See* Maryland Rule 2–322(c), *supra.* Tri–Count laments that it had "no opportunity to prepare for the hearing whatsoever." Tri–County's inability to prepare for the hearing is irrelevant under the facts of this case. The parties agree that Tri–County's charter was forfeited at the time it filed suit, and the circuit court, by supplement, dismissed the case on this purely legal basis.

 Finally, Tri–County takes issue with the fact that the appellees' motion to dismiss was considered on the day of trial. However, Maryland Rule 2–322(c) states, "a court may defer the determination of the defense of failure to state a claim upon which relief can be granted until the trial."

For the foregoing reasons, we affirm the judgment of the circuit court.

JUDGMENT OF THE CIRCUIT COURT FOR HOW-ARD COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.